NOT FOR PUBLICATION                                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEVIN B. GUMBS, | : |
| Plaintiff, | : Civil Action No. 13-1749 (SRC) |
| v. | : |
| UNIVERSITY OF MEDICINE & DENTISTRY OF NEW JERSEY, et al., | : |
| Defendants. | : |
| KEVIN B. GUMBS, | : |
| Plaintiff, | : Civil Action No. 14-1549 (SRC) |
| v. | : |
| UNIVERSITY OF MEDICINE & DENTISTRY OF NEW JERSEY, et al., | : **OPINION** |
| Defendants. | : **APPLIES TO BOTH ACTIONS** |

**CHESLER, District Judge:**

　　These two matters are before the Court upon Plaintiff's submission of two substantively identical civil complaints. The first arrived unaccompanied by his filing fee or in forma paupers ("IFP") application. See Gumbs v. University of Medicine and Dentistry of New Jersey ("Gumbs-I"), Civil Action No. 13-1749 (SRC), ECF No. 1. Being denied IFP status without prejudice in Gumbs-I, he: (a) filed his IFP application, see id., ECF No. 7; and, in addition, (b) commenced another civil suit by submitting an identical complaint accompanied by his latest IFP application. See Gumbs v. University of Medicine and Dentistry of New Jersey ("Gumbs-II"),

Civil Action No. 14-1549 (SRC), ECF No. 1.[1]  Since <u>Gumbs-II</u> is duplicative of <u>Gumbs-I</u>, it will be terminated as duplicative, without assessment of the filing fee in connection with <u>Gumbs-II</u>.[2]

Plaintiff states that, in January 2012, being in the prison's recreation yard, he had his leg kicked by another inmate.  <u>See Gumbs-II</u>, ECF No. 1, at 8. The kick produced a painful swelling. <u>See id.</u>  Having reported his injury to the prison medical staff, Plaintiff was given pain-reducing and swelling-reducing medication, and was scheduled for an x-ray.  <u>See id.</u>  The x-ray showed that he did not suffer a bone fracture.  <u>See id.</u>  However, since he kept suffering from pain, a doctor ("Dr. Godinsky") informed him that he would be treated with a steroidal injection, and ordered such injection.  <u>See id.</u>  After the injection, Plaintiff's pain increased, and he was given "a bottom bed" (so to reduce the burden on his injured leg) and seen by another doctor ("Dr. Martin").  <u>See id.</u> at 8-9.  Dr. Martin examined Plaintiff's leg and made an MRI appointment. <u>See id.</u> at 9.  Since the MRI results established that Plaintiff suffered a rupture of his Achilles tendon, Dr. Martin referred him for surgery.  <u>See id.</u>  A surgery was duly performed, and Plaintiff's leg was placed in a post-surgical cast.  <u>See id.</u>  When the case was removed, he was provided with post-surgical physical therapy.  <u>See id.</u>

---

[1] The IFP application submitted in <u>Gumbs-II</u> shows that, during the last six months, Plaintiff's prison account fluctuated between $600 and $826, thus establishing that Plaintiff has funds to prepay the entire $400 filing fee.  <u>See Gumbs-II</u>, ECF No. 1-1, at 8-9.  However, in light of his prisoner status and the Supreme Court's guidance that one need not be absolutely destitute to proceed IFP, <u>see Adkins v. E. I. DuPont De Nemours & Co., Inc.</u>, 335 U.S. 331 (1948) (plaintiff need not contribute virtually his last dollar to the cost of litigating his suit, since the district court enjoys discretion to determine whether the payment of the fees would be unduly burdensome for plaintiff), it appears warranted to grant Plaintiff IFP status and to direct incremental assessments.

[2] The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) (quoting <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'"  <u>Id.</u> (quoting <u>Adam v. Jacobs</u>, 950 F.2d 89, 93 (2d Cir. 1991)).

Asserting that he is "still suffering from pain[,] . . . walking with [a] cane and taking medication," Plaintiff commenced these two matters matter naming, as Defendants: (a) Dr. Godinsky; (b) Dr. Godinsly's employer, the University of Medicine and Dentistry of New Jersey ("NJUMD"); (c) New Jersey Department of Corrections ("NJDOC"); and (d) unspecified "John Does et al." Id. at 1. Plaintiff seeks $5 million in compensatory and $5 million in punitive damages in light of Dr. Godinsky's failure to correctly diagnose his injury and Dr. Godinsky's medical decision to treat Plaintiff's leg with a steroidal injection. See id. at 4-10.

Plaintiff's allegations fail to state a viable claim.

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference . . . is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is [limited to] the adequacy of the treatment, federal courts [do not] second guess medical judgments and [decline] to constitutionalize claims which sound in state tort law." Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Here, Plaintiff's allegations verify that he was provided with constant medical care, although Dr. Godinsky's medical diagnosis and his medical judgment as to Plaintiff's treatment

3

eventually proved incorrect.  While Plaintiff's allegations may, hypothetically, rise to the level of medical malpractice, his fact fail to plausibly show that Dr. Godinsky acted with a sufficient "culpable state of mind" when he treated Plaintiff.  Therefore, Plaintiff's Eighth Amendment claim against Dr. Godinsky is facially meritless.  See Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001) ("In the context of a deliberate indifference claim based on failure to provide adequate medical treatment, '[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference'") (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999); see also White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (since neither a difference in medical diagnoses, nor a failure to perform specific medical tests can amount to cruel and unusual punishment, a hindsight disagreement over medical judgment cannot not state a viable claim).  Correspondingly, it will will be dismissed.³  Such dismissal will be with prejudice, since Plaintiff's complaints in Gumbs-I and Gumbs-II, being as detailed as they are lengthy, establish that his facts cannot support a claim of constitutional magnitude.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (a court will exercise its discretion to deny leave to amend where it is apparent from the record that the amendment would be futile).

---

³ Plaintiff's claims against the remaining Defendants fare even worth.  Even if Dr. Godinsky's actions would amount to a violation of Plaintiff's Eighth Amendment rights, his claims against the NJUMD are subject to dismissal since challenges based on the theory of respondeat superior are facially deficient.  See Iqbal, 556 U.S. at 677 (supervising entities "may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior").  Plaintiff's claims against the NJDOC are barred by the Eleventh Amendment, since the NJDOC is not a "person" amenable to suit under § 1983.  See McCauley v. Univ. of V.I., 618 F.3d 232, 241 (3d Cir. 2010) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see also N.J. Stat. Ann. § 30:1B-2 (establishing the Department of Corrections as an executive-branch agency); Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 539 (D.N.J. 1989).  Finally, Plaintiff's claims against unspecified John Does are subject to dismissal for failure to allege any facts implicating these John Does.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("defendant in a civil rights action must have personal involvement in the alleged wrongdoing") (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

An appropriate Order follows.

                                                                                     s/ Stanley R. Chesler
                                                      **STANLEY R. CHESLER**
                                                      **United States District Judge**

Dated:  August 28, 2014